IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 18 A 11: 16

| | |
|---|---|
| **GRADY CLIFFORD SMITH,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| VS. ) | |
| ) | 2:06cv745-WKW |
| **HYUNDAI MOTOR MANUFACTURING** ) | JURY DEMAND |
| **ALABAMA, LLC** ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(4). This is a suit in equity authorized and instituted pursuant to the "Americans with Disabilities Act of 1990," (hereinafter referred to as "ADA"), 42 U.S.C. §12101 *et seq.* The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the above statute, which provide injunctive and other relief against disability discrimination in employment.

2.  Plaintiff, Grady Clifford Smith, is a qualified individual with a disability under the ADA and has fulfilled all conditions precedent to the institution of this action under the ADA. Plaintiff filed his Charge of

Discrimination with the Equal Employment Opportunity Commission within 180 days of the last discriminatory act and has filed suit within 90 days of receipt of his Notice of Right to Sue.

## II. PARTIES

3. Plaintiff, Grady Clifford Smith, is a male citizen of the United States and is a resident of Lawly, Chilton County, Alabama. Plaintiff applied for a position with the Defendant in July 2005, as a Maintenance Team Member.

4. Defendant, Hyundai Motor Manufacturing Alabama, LLC, is a corporation doing business in Montgomery, Alabama. At all times relevant hereto, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more employees at all times relevant hereto, and is an employer within the meaning of 42 U.S.C. §2000e (b), (g) and (h), and within the meaning of the ADA.

## III. STATEMENT OF PLAINTIFF'S CLAIMS

### FACTUAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates paragraphs one (1) through four (4) as if fully set forth herein.

6. Plaintiff applied for employment with the Defendant in July 2005. Plaintiff was interviewed and informed that the Defendant wanted him to work as a Maintenance Team Member in the welding shop.

7. Plaintiff has worked as a maintenance employee for approximately fourteen (14) years performing the same or similar duties as were required of a Maintenance Team Member employed by the Defendant. Plaintiff lost his right hand over fourteen years ago, and has performed the duties of a maintenance employee with only his left hand for approximately fourteen years.

8. Plaintiff was instructed where to go for his physical examination, PriMed, and the physician conducting the physical examination informed the Plaintiff that Plaintiff was in the best shape of his life. Plaintiff passed the physical examination and was sent to HealthSouth to take the second portion of the physical examination. During the second portion of the physical examination at HealthSouth, Plaintiff was asked to take a test that tested the muscle strength in each of an applicants hands separately. Plaintiff had 100% strength or better in his left hand. Plaintiff was informed that he was not allowed to take a portion of the physical examination administered by HealthSouth because he only had one hand.

9. On August 13, 2005, Plaintiff received the Defendant's preliminary offer of employment for the position of Maintenance Team Member. The preliminary offer of employment was contingent upon the results of a drug screen, background check, physical examination, and Maintenance Team Member Assessment.

10. Plaintiff received a letter of regret from the Defendant on or about August 26, 2005, informing Plaintiff that his scores from the assessment did not meet the requirements for further consideration. Plaintiff had been informed during a previous interview that his assessment scores were perfect. The instructor that administered the assessment test for Plaintiff's application for employment, told Plaintiff that he was so impressed with Plaintiff's work that he wanted to keep Plaintiff's hands on assignment to use as a visual aid for future assessments. The assessment test was directly related to the position Plaintiff would have held with the Defendant.

11. Plaintiff contacted the Defendant and expressed concerns regarding the Defendant's failure to hire him, and was again told that his assessment scores were fine. Plaintiff was also informed that he had passed his background check and drug screening. The Defendant then informed Plaintiff that there must be something wrong with his physical. Plaintiff

informed the Defendant about his HealthSouth physical. The Defendant informed the Plaintiff that they would look into the matter and see why Plaintiff was not hired.

12. Plaintiff contacted the Defendant again to inquire about his application and the Defendant indicated that because the Plaintiff only has one hand he is "handicapped" and unable to work with the Defendant.

13. Plaintiff avers that he was able to perform all of the essential duties of a Maintenance Team Member, and had in fact been performing the same or similar duties with one hand for approximately fourteen years. Plaintiff was able to perform the essential duties of the position with or without accommodation. Plaintiff suffers from a disability that effects one or more of his major life functions. The Defendant perceived the Plaintiff to suffer from a disability.

## COUNT ONE

### PLAINTIFF'S CLAIMS OF DISABILITY DISCRIMINATION

14. Plaintiff realleges and incorporates paragraphs one (1) through thirteen (13) as if fully set forth in detail herein below.

15. Plaintiff was denied a position with the Defendant on or about August 26, 2005, in violation of the ADA because of his disability and/or

perceived disability.

16. Plaintiff avers that he was fully capable of performing all of the job functions of Maintenance Team Member, with or without reasonable accommodation, therefore was a qualified person within the meaning of the ADA.

17. Plaintiff further avers that he was discriminated against because of his disability and/or perceived disability, in that the Defendants refused to hire Plaintiff because of said disability or perceived disability, and because the defendant perceived the plaintiff to be disabled.

18. Plaintiff further avers that he has no plain, adequate or complete remedy to redress the wrongs alleged herein and this suit for back pay, reinstatement, compensatory damages, punitive damages, injunctive relief, and declaratory judgement is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

19. Plaintiff has been discriminated against because the Defendant failed to hire him and other terms and conditions of employment, in violation of the "Americans with Disabilities Act." Plaintiff has been discriminated

against on the basis of his disability, and/or on the basis of Defendant's perception that Plaintiff had a disability and/or due to Plaintiff's having a record of a disability.

17. As a consequence of Defendant's discrimination against Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, stress, emotional distress, mental anguish, compensatory damages and other damages.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court assume jurisdiction of this action and award him the following relief:

(a) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with defendant or at Defendants' request from violating the "Americans with Disabilities Act of 1990."

(b) Grant Plaintiff an order requiring Defendant to make him whole by granting appropriate declaratory relief, reinstatement, back pay, front pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses and costs; and

(c) Plaintiff prays for such other, further, different or additional relief

and benefits as justice may require.

                Respectfully submitted,

                CYNTHIA FORMAN WILKINSON
                State Bar I.D. #ASB-9950-L68C
                Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
215 North Richard Arrington Blvd.
Suite 811
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonfirm@bellsouth.net

                M. Scott Harwell
                Attorney for Plaintiff

**OF COUNSEL:**
**THE HARWELL LAW FIRM**
P.O. Box 380966
Birmingham, Alabama 35238
Tel: (205) 980-1445
Fax: (205) 980-2226
E-mail: mscottharwell@hotmail.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

**PLAINTIFF'S ADDRESS**:
Mr. Grady Clifford Smith
C/O WILKINSON LAW FIRM, PC
New South Federal Bank Building; Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

**PLEASE SERVE DEFENDANT AT:**
Hyundai Motor Manufacturing Alabama, LLC
ATTN: Richard E. Neal
700 Hyundai Blvd
Montgomery, AL 36105