# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**Grady Clifford Smith,**

    **Plaintiff,**

vs.

**Hyundai Motor Manufacturing Alabama, LLC,**

    **Defendant.**

**Civil Action No.:**

**2:06-cv-745-WKW-CSC**

## ANSWER OF DEFENDANT, HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA" or "Defendant"), and responds as follows to the Complaint of Grady Clifford Smith, (hereinafter "Smith" or "Plaintiff").

1. In response to paragraph 1 of the Complaint, HMMA admits that Plaintiff asserts claims under the Americans with Disabilities Act ("ADA"), and that they invoke jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(4). While HMMA does not contest this Court's jurisdiction over Plaintiff's claims, HMMA denies that Plaintiff has standing or is entitled to any relief or damages for them.

2. In response to paragraph 2 of the Complaint, HMMA denies that Plaintiff is a qualified individual with a disability. As to the remainder of the paragraph, HMMA declines to take a position on a legal issue.

## PARTIES

3. In response to paragraph 3 of the Complaint, HMMA admits that Plaintiff is a male citizen of the United States, but is without sufficient information or knowledge to form a belief concerning Smith's current legal residence, and therefore, such allegations are denied. HMMA admits that during the July 2005, time period, Plaintiff was in the process of applying for a Maintenance Team member position.

4. In response to paragraph 4 of the Complaint, HMMA admits the allegations contained therein.

## PLAINTIFF'S FACTUAL ALLEGATIONS

5. In response to paragraph 5 of the Complaint, HMMA adopts and incorporates herein by reference its responses to paragraphs 1- 4 of the Complaint as if fully set forth herein.

6. In response to paragraph 6 of the Complaint, HMMA admits that Plaintiff was involved in the application process in July 2005, and that he was applying for a position in Maintenance pending the outcome of all tests in the HMMA application process. All other allegations made in this paragraph are denied.

7. In response to paragraph 7 of the Complaint, HMMA denies that Plaintiff performs the same or similar duties at his current employer compared to those performed by maintenance personnel at HMMA's Montgomery facility. HMMA states it is without sufficient information or knowledge to form a belief as to how or when Plaintiff lost his right hand or as to what job duties Plaintiff performed for the last fourteen years. Accordingly, HMMA denies the allegations of this paragraph.

8. In response to paragraph 8 of the Complaint, HMMA admits that Plaintiff was sent for a

post-offer medical examination and submitted to the Hanoun physical test in order to measure whether he had the physical capabilities required to perform the essential functions of a Maintenance Team member. HMMA denies the remainder of the allegations in the paragraph.

9. In response to paragraph 9 of the Complaint, HMMA admits that Plaintiff was given an offer of employment contingent upon the results of his drug screen, background check, medical examination the Hanoun test and the Hyundai Maintenance Assessment Test..

10. In response to paragraph 10, HMMA admits that it sent Plaintiff a letter thanking him for his participation in the application process and informing him that his scores did not qualify him for consideration for placement. HMMA denies the remainder of the allegations in the paragraph.

11. In response to paragraph 11, HMMA admits that Plaintiff contacted its personnel after receipt of the letter and that a member of its personnel agreed to look into the physical test performed at HealthSouth. HMMA denies the remaining allegations in the paragraph.

12. In response to paragraph 12, HMMA admits that Plaintiff contacted its personnel again, but denies the remaining allegations in the paragraph.

13. In response to paragraph 13, Defendant denies the allegations contained therein.

**COUNT I**

14. In response to paragraph 14 of the Complaint, HMMA adopts and incorporates herein by reference its responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

15. In response to paragraph 15, of the Complaint, HMMA denies the allegations contained therein.

16. In response to paragraph 16 of the Complaint, HMMA denies the allegations contained therein.

17. In response to paragraph 17 of the Complaint, HMMA denies the allegations contained therein.

18. In response to paragraph 18 of the Complaint, HMMA denies the allegations contained therein.

19. In response to paragraph 19 of the Complaint, HMMA denies the allegations contained therein.

20. In response to incorrectly numbered paragraph 17, HMMA denies the allegations contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief (a-c), HMMA denies that Plaintiff is entitled to any of the relief requested, or to any other form of legal or equitable relief. To the extent the allegations contained in this paragraph can be construed as containing allegations of fact, Defendant denies the same.

IN FURTHER ANSWER to Plaintiff's Complaint, HMMA asserts the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state claims upon which relief may be granted under the ADA.

## SECOND DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches or the applicable period of limitations.

## THIRD DEFENSE

Plaintiff has failed to timely satisfy the conditions precedent to suit under the ADA.

## FOURTH DEFENSE

To the extent Plaintiff is complaining about events that are not within the scope of a valid charge filed with the Equal Employment Opportunity Commission, his claim under the ADA is barred.

## FIFTH DEFENSE

All employment decisions concerning Plaintiff were made in good faith and based upon legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

Even if Plaintiff was able to establish that the impermissible factor of disability entered into any decision concerning Plaintiff's employment, Defendant would show that the same decision would have been made in the absence of any such impermissible factor.

## SEVENTH DEFENSE

To the extent that Plaintiff proves that he had been the victim of intentional discrimination by virtue of adverse employment actions within the meaning of 42 U.S.C. § 2000e-2(m), Defendant will show that it would have taken the same adverse actions regardless and, therefore, it is entitled to the limitations on relief set forth at 42 U.S.C. § 2000e-5(g)(2)(B).

## EIGHTH DEFENSE

Plaintiff has failed to state claims upon which punitive damages may be imposed.

## NINTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TENTH DEFENSE

Plaintiff is unable to prove any set of facts which would justify the imposition of punitive

damages under the ADA.

## ELEVENTH DEFENSE

Defendant claims any applicable limitations on compensatory and punitive damages imposed by 42 U.S.C. § 1981a or otherwise on the discrimination claims under the ADA.

## TWELFTH DEFENSE

Defendant did not act willfully or maliciously, and therefore an award of punitive damages is not appropriate.

## THIRTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, he ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

## FOURTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to Defendant's stated and published policies and its good faith efforts to comply with the laws.

## FIFTEENTH DEFENSE

Plaintiff lacks standing to bring his claims arising under the ADA before this Court.

## SIXTEENTH DEFENSE

The challenged employment actions were taken in good faith for good cause.

## SEVENTEENTH DEFENSE

To the extent Plaintiff has taken a position in another forum that is inconsistent with their position in this forum, his claims are barred by collateral estoppel, issue preclusion and any other

applicable equitable defenses.

### EIGHTEENTH DEFENSE

Plaintiff's alleged medical conditions do not constitute actual or perceived disabilities under the ADA, either with or without mitigating measures.

### NINETEENTH DEFENSE

Plaintiff is not a person with a disability as that term is defined by the ADA.

### TWENTIETH DEFENSE

Plaintiff is not a "qualified individual with a disability" as required to maintain this action under the ADA.

### TWENTY-FIRST DEFENSE

Even if Plaintiff were a person with a disability, there are no reasonable accommodations available to allow him to perform the essential functions of the job for which he applied.

### TWENTY-SECOND DEFENSE

Defendant has no obligation to accommodate a perceived disability.

### TWENTY-THIRD DEFENSE

Defendant's application tests for placement are job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation.

### TWENTY-FOURTH DEFENSE

Defendant's standards for performance are job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation.

### TWENTY-FIFTH DEFENSE

Defendant reserves the right to raise the defense of "after-acquired evidence."

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish he may have suffered was caused by occurrences other than conduct for which Defendant is liable as a matter of law.

## TWENTY-SEVENTH DEFENSE

Defendant reserves the right to assert that Plaintiff is not entitled to any relief because he has unclean hands.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

**WHEREFORE**, having fully answered the Plaintiff's complaint, Defendant respectfully requests that the Plaintiff's complaint be forthwith dismissed and Defendant awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

Respectfully submitted,

s/ Sandra B. Reiss
J. Trent Scofield (ASB-1191-e67j)
Sandra B. Reiss (ASB-3650-s80s)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: Trent.Scofield@odnss.com
E-mail: Sandra.Reiss@odnss.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2006, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Cynthia Forman Wilkinson, Esq.

        s/ Sandra B. Reiss
        J. Trent Scofield (ASB-1191-e67j)
        Sandra B. Reiss (ASB-3650-s80s)
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        One Federal Place, Suite 1000
        1819 5th Avenue North
        Birmingham, AL 35203-2118
        Telephone: (205) 328-1900
        Facsimile:  (205) 328-6000
        E-mail: Trent.Scofield@odnss.com
        E-mail: Sandra.Reiss@odnss.com

        ATTORNEYS FOR DEFENDANT

4302876.1